**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services, Respondent,

v.

Shikira Dunbar and Craigory Nickens, Defendants,

Of whom Shikira Dunbar is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2015-001402

———————————

Appeal From Richland County
Monét S. Pincus, Family Court Judge

———————————

Unpublished Opinion No. 2016-UP-208
Heard April 19, 2016 – Filed May 5, 2016

———————————

**AFFIRMED**

———————————

John Clark Phillips, Jr., of Law Office of John C. Phillips, Jr., of Columbia, for Appellant.

Deborah Murdock Gentry, of Murdock Law Firm, LLC, of Mauldin, for Respondent.

Angela L. Kohel, of Richland County CASA, of Columbia, for the Guardian ad Litem.

**PER CURIAM:** Shikira Dunbar (Mother) appeals the family court's order terminating her parental rights to two children (Child 1 and Child 2, collectively Children). On appeal, Mother argues the family court erred in finding clear and convincing evidence that termination of her parental rights (TPR) was in Children's best interests. We affirm.

The family court may order TPR upon finding one or more of twelve statutory grounds satisfied and also finding TPR is in the best interests of the children.[1] S.C. Code Ann. § 63-7-2570 (Supp. 2015). In a TPR action, "the best interests of the children are the paramount consideration." *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). "The interests of the child shall prevail if the child's interest and the parental rights conflict." S.C. Code Ann. § 63-7-2620 (2010). "Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate." *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013).

We find Mother's history of drug abuse shows that TPR was in Children's best interests. Mother admitted she did not begin drug treatment for two years after Child 1's removal. Although Mother completed a three-month inpatient treatment program, she continued to test positive for cocaine after the program. Specifically, Mother had positive tests on January 6, 2014; January 10, 2014; March 6, 2014; June 30, 2014; and January 25, 2015, when she gave birth to another child. Although Mother claims she has been drug free for over two years and argues the family court failed to consider her most recent February 2015 negative drug screen, the positive drug screens show Mother continued to use drugs. Despite Mother's bond with Children and desire for reunification, we find Children would remain at risk of further harm with Mother because of her inability to demonstrate a sustained period of sobriety. *See* § 63-7-2620 ("The interests of the child shall prevail if the child's interest and the parental rights conflict.").

---

[1] Mother did not appeal the statutory grounds for TPR. We find clear and convincing evidence supports at least one statutory ground.

Mother argues the family court erred by failing to consider the testimony of Nurturing Center employees and the guardian ad litem (GAL), who all opined TPR was not in Children's best interests. These witnesses did not observe any signs of drug use when they spent time with Mother and asserted she was capable of caring for Children. However, the family court considered their testimony and did not find the witnesses credible because they had no concerns about Mother's continued positive drug screens and the GAL based her recommendation only on Mother's self-reporting. Although this court makes its own factual findings, the family court was in a superior position to observe the credibility of these witnesses. *See Lewis v. Lewis*, 392 S.C. 381, 388-89, 709 S.E.2d 650, 653-54 (2011) (stating that although appellate courts review the family court's findings de novo, this court is not required to ignore the fact that the family court, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony). Moreover, when the GAL was asked about Children's best interests, she focused on Mother and did not discuss the perspective of Children. *See Sarah W.*, 402 S.C. at 343, 741 S.E.2d at 749-50 ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). Therefore, we find the family court did not err by failing to attach significant weight to this testimony.

Based on Mother's failure to demonstrate a sustained period of sobriety, we find it is unlikely she will be able to provide a stable environment for Children. *See S.C. Dep't of Soc. Servs. v. Cameron N.F.L.*, 403 S.C. 323, 329, 742 S.E.2d 697, 700 (Ct. App. 2013) ("[T]his court has considered future stability when determining whether TPR is in a child's best interest."). At the time of the final TPR hearing, Child 1 had been in foster care for at least thirty-five months, and Child 2 had been in foster care for at least seventeen months. We find TPR promotes permanency and future stability for Children by freeing them for adoption. *See S.C. Dep't of Soc. Servs. v. Janice C.*, 383 S.C. 221, 230, 678 S.E.2d 463, 468 (Ct. App. 2009) ("A primary objective of the TPR statutes is to free children for the stability adoption can provide."). Accordingly, we find TPR is in Children's best interests.

**AFFIRMED.**

**WILLIAMS, LOCKEMY, and MCDONALD, JJ., concur.**